UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


**SCOTT ALAN RICHARDSON and
PAMELA RICHARDSON,**

        Plaintiffs,

      v.

**CLACKAMAS COUNTY,** *et al*,

        Defendants.

Case No. 3:14-cv-00588-ST

**OPINION AND ORDER**


**STEWART, Magistrate Judge:**

Plaintiffs, Scott Alan Richardson and Pamela Richardson, have applied to proceed *in forma pauperis* (docket #1). An examination of the application reveals that they are unable to afford the fees of this action. Accordingly, their application is granted and no filing fee will be assessed. However, for the reasons set forth below, the Complaint is dismissed without prejudice, and pro bono counsel will be appointed for the limited purpose of assisting them in filing an amended complaint.

## **STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

1 – OPINION AND ORDER

>    (A) the allegation of poverty is untrue; or
>    (B) the action or appeal
>        (i) is frivolous or malicious;
>        (ii) fails to state a claim on which relief may be granted; or
>        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991).

A court must liberally construe the allegations of a *pro se* plaintiff and "afford the plaintiff the benefit of any doubt." *Lopez*, 939 F2d at 883 (citation omitted). However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the- defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## ALLEGATIONS

The Richardsons have filed a Complaint (using the court's form) against the following 10 defendants: Clackamas County and its Senior Planner (Clay Glasgow); the City of Gladstone and its Mayor (Wade Byers), City Administrator (Peter Boyce), Chief of Police (James Pryde), two city judges (Robert Gray and Linda Beloof), Ordinance Specialist (Sean Boyle), and City Prosecutor (Michael Slominski). They allege that defendants violated 18 USC § 242 and

unspecified "civil rights guaranteed under the Declaration of Independence and the Fourteenth Amendment of the U.S. Constitution." Complaint, p. 4.

In their Statement of Claims, the Richardsons, who are husband (white) and wife (Asian), allege that they bought a convenience store in 1996 in Gladstone and in 2008 moved the business next door. Later in 2008, one of their cousins (who is black) began doing a successful BBQ business in the parking lot. However, in early 2010, Gladstone issued three tickets to the outdoor BBQ business, resulting in a denial of due process in subsequent court proceedings. In addition, the BBQ business was vandalized, and the Richardsons were subjected to racial harassment and physical threats. However, the police ignored the no contact orders and trespass complaints and failed to enforce the law to protect the Richardsons. The police also disrupted their business by doing traffic stops in the parking lot. The Richardsons further allege that defendants Boyle and Byers engaged in harassing behavior and that defendant Slominksi unsuccessfully attempted to pursue criminal charges against one of them for protecting the business property. Due to the severe loss of income caused by defendants' conduct, the Richardsons lost their business to foreclosure.

The Richardsons allege that defendants "misused their official authorities to conspire to harass and ultimately, force the [Richardsons] out of business," in violation of 18 USC § 242 and their civil right "to the pursuit of happiness as guaranteed under the Declaration of Independence, and [their] right to pursue an honest living free from arbitrary and unnecessary interference as protected by the Fourteen[th] Amendment of the Constitution." *Id.* They seek economic damages of more than $1 million, including $620,000 for the value of the real property, $13,000 per year for the loss of rental income for the upstairs apartment in the building,

and over $160,000 in lost business income, legal expenses, as well as pain and suffering of $1 million and punitive damages of $1 million.

## DISCUSSION

The Complaint suffers from several obvious defects. First, the Richardsons cannot state a claim under 18 USC § 242. That is a criminal statute. A private citizen does not have the power to instigate prosecutions of alleged crimes. The Fifth Amendment precludes the prosecution of any person unless on a presentment or indictment of a Grand Jury. The decision to investigate or prosecute a person for an alleged violation of a criminal statute is left to the discretion of the federal law enforcement agencies, including the United States Attorney's Offices. *United States v. Armstrong*, 517 US 456, 464 (1977). Such authorities owe no duty to private citizens to prosecute any and every person against whom a complaint is made. Federal courts traditionally refrain from overturning, at the insistence of a private person, the discretionary decisions of federal prosecuting authorities not to prosecute persons, *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F2d 375, 379-80 (2nd Cir 1973), and this court lacks power to compel the prosecuting authorities to proceed over their objection. *Fields v. Soloff*, 920 F2d 1114, 1118 (2nd Cir 1990). Therefore, the Richardsons fail to state a claim under 18 USC § 242 upon which relief may be granted.

Any claim based on a violation of the Richardsons' constitutional rights must be brought under 42 USC § 1983. That statute authorizes an injured plaintiff to assert a claim for relief against a person who, acting under color of state law, violated the plaintiff's federally protected rights. To state a § 1983 claim, the plaintiff must allege facts showing a deprivation of a federal right by a person who acted under color of state law. *Anderson v. Warner*, 451 F3d 1063, 1067 (9th Cir 2006).

Under § 1983 the Richardsons may seek to enforce a violation of a wide range of federal constitutional rights. The Fourteenth Amendment creates numerous rights enforceable under § 1983, namely substantive and procedural due process, the equal protection of the laws, and those rights from the Bill of Rights (First through Tenth Amendments) incorporated by the Due Process Clause of the Fourteenth Amendment. These incorporated rights include rights protected by the First Amendment free speech and religion clauses (the free exercise and establishment clauses), the Fourth Amendment protection against unreasonable searches and seizures, and the Eighth Amendment protection against cruel and unusual punishment. However, they do not include the right to happiness or the right to an honest living. The current allegations in the Complaint, even liberally construed in favor of the Richardsons, do not specifically state a violation of any of these constitutional rights.

In addition, not every person can be sued under § 1983. A "person" under § 1983 includes state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. All of the named defendants are persons under § 1983. However, judges are entitled to absolute immunity "from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F2d 1202, 1204 (9th Cir), citing *Ashelman v. Pope*, 793 F2d 1072, 1075 (9th Cir 1986) (*en banc*). The only time a judge loses absolute immunity is "when he [or she] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Id*, citing *Forrester v. White*, 484 US 219, 226-30 (1988), *Stump v. Sparkman*, 435 US 349, 356-57 & n7 (1978), and *Ashelman*, 793 F2d at 1075. Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of [judicial] immunity." *Id*, citing *Stump*, 435 US at 355-57. The Richardsons do not specifically allege what the city judges (defendants Gray and Beloof) did. To the extent they performed

judicial acts within the scope of a judge's jurisdiction, they are entitled to judicial immunity and cannot be sued for damages under § 1983.

Similarly, any suit against a prosecutor for damages is barred. A prosecutor, such as defendant Slominski, is absolutely immune from suits for damages for acting "as an advocate in initiating a prosecution and presenting a states's case." *Gobel v. Maricopa Cnty.*, 867 F2d 1201, 1203 (9th Cir 1989); *Babcock v. Tyler*, 884 F2d 497, 501-02 (9th Cir 1989).

In addition, a claim under § 1983 must be filed within a certain period of time after the alleged violation of a constitutional right. The statute of limitations for § 1983 actions is determined by state law. *Harding v. Galceran*, 889 F2d 906, 907 (9th Cir 1989). For statute of limitations purposes, § 1983 actions are characterized as personal injury actions. *Id*. In Oregon, this period is two years. ORS 12.110(1); *Cooper v. City of Ashland*, 871 F2d 104, 105 (9th Cir 1989). Therefore, the Richardsons can only file a claim under § 1983 for violations of their constitutional rights that occurred within two years before filing this lawsuit.

The Richardsons may well have a viable claim against some of the named defendants under § 1983 for a violation of their constitutional rights. However, the Complaint does not satisfy the FRCP 8 standard because it does not give each defendant fair notice of the factual basis and nature of the claim.

To assist them in prosecuting this action, the Richardsons filed a Motion for Appointment of Pro Bono Counsel (docket # 3) for all purposes. They represent that they have attempted to retain counsel, but could not afford their retainers. Since the Richardsons have not yet filed a Complaint that adequately states a claim, this court will appoint pro bono counsel for the limited purpose of assisting them in filing an amended complaint in order to adequately allege a viable claim for relief falling within this court's jurisdiction. Once that amended complaint is filed and

6 – OPINION AND ORDER

answered, then the court will be in a better position to determine whether pro bono counsel should be appointed for all purposes.

## ORDER

Plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) is GRANTED, and no filing fee will be assessed. However, for the reasons set forth above, the Complaint is DISMISSED without prejudice and with leave to replead, and the pending Motion for Appointment of Pro Bono Counsel (docket #3) is GRANTED for the limited purpose of assisting plaintiffs in filing an amended complaint. The Amended Complaint is due 28 days after a pro bono counsel accepts the appointment.

DATED April 24, 2014.

s/ Janice M. Stewart  
Janice M. Stewart  
United States Magistrate Judge