UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

SCOTT ALAN RICHARDSON and
PAMELA RICHARDSON,

        Plaintiffs,                         Case No. 3:14-cv-00588-ST

      v.                                   OPINION AND ORDER

CITY OF GLADSTONE; WADE BYERS;
PETER BOYCE; JAMES PRYDE; CLAY
GLASGOW; SEAN BOYLE; and JOHN
DOES 1-99,

        Defendants.

**STEWART, Magistrate Judge:**

        Plaintiffs, Scott Alan Richardson and Pamela Richardson, were granted *in forma pauperis* status and appointed *pro bono* counsel for the limited purpose of assisting them in filing an amended complaint (docket #6). After filing that First Amended Complaint on May 27, 2014 (docket #11), *pro bono* counsel declined to continue to represent plaintiffs and requested termination of the appointment (docket #15) which this court granted (docket #17). Plaintiffs have now filed another Motion for Appointment of *Pro Bono* Counsel (docket #27). That motion is denied for the following reasons.

1 – OPINION AND ORDER

Generally, there is no constitutional right to counsel in a civil case. *United States v. $292,888.04*, 54 F3d 564, 569 (9th Cir 1995) ("*$292.888.04*"). However, pursuant to the Prison Litigation Reform Act, 28 USC § 1915(e)(1), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id*; *Wood v. Housewright*, 900 F2d 1332, 1335 (9th Cir 1990); *Wilborn v. Escalderon*, 789 F2d 1328, 1331 (9th Cir 1986). While this court may request volunteer counsel in exceptional circumstances, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 US 296, 301-08 (1989). There are no funds available to pay the services of such volunteer counsel.

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the *pro se* plaintiff to articulate his or her claim in light of the complexity of the legal issues involved. *$292,888.04*, 54 F3d at 569; *Wood*, 900 F2d at 1335-36; *Wilborn*, 789 F2d at 1331. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Wilborn*, 789 F2d at 1331; *Terrell v. Brewer*, 935 F2d 1015, 1017 (9th Cir 1991).

Because the initial Complaint did not satisfy the FRCP 8 standard, making it difficult to determine if plaintiffs had any viable claim over which a federal court has jurisdiction, this court appointed *pro bono* counsel to file an amended complaint to better articulate those theories. The First Amended Complaint alleges claims under 42 USC § 1983 for deprivation of property interests without due process of law, denial of equal protection, and retaliation for exercising protected speech rights, as well as claims under state law for malicious prosecution, tortious interference with business relations and prospects, and intentional infliction of emotional

2 – OPINION AND ORDER

distress.  Those claims are sufficiently alleged for this court and defendants to comprehend and address plaintiffs' legal theories.

Plaintiffs state that they have "contacted several other attorneys" whose fees were "much too high to be within our Chapter 13 budget."  However, if plaintiffs prevail on any of their claims under § 1983, then they are entitled to recover their attorney fees pursuant to 42 USC § 1988.  Given that incentive, plaintiffs should be able to find attorneys to represent them on a contingency fee basis which does not require them to pay attorney fees.  Moreover, if plaintiffs have a claim to recover damages, it may be a potential asset that the Chapter 13 trustee may wish to pursue on their behalf.

If circumstances change after defendants have filed their appearances, then the court may reconsider whether to appoint *pro bono* counsel for plaintiffs.  However, at this stage of the proceedings, there are no exceptional circumstances warranting the plaintiffs' effort to again obtain volunteer counsel.  Therefore, plaintiffs' second Motion for Appointment of *Pro Bono* Counsel (docket #27)  is DENIED.

DATED  July 8, 2014.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

3 – OPINION AND ORDER